UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD,<br><br>        Plaintiff,<br><br>      v.<br><br>GERBER PRODUCTS COMPANY,<br><br>        Defendant. | Case No. 22-cv-04779-VC<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 17 |

    The motion to dismiss is denied in part and granted in part. This ruling assumes the reader is familiar with the facts and the arguments made by the parties.

    The FDA prohibits most nutrient content claims on foods "intended specifically for use by infants and children less than 2 years of age." 21 C.F.R. § 101.13(b)(3). Tracy Howard alleges that Gerber violates this regulation by including nutrient content claims on its products, and that the labels on those products are false and misleading. Based on those allegations, she brings claims under California's Consumers Legal Remedies Act, False Advertising Law, Unfair Competition Law, as well as claims for common law fraud and unjust enrichment.

    **1.**    **Standing.** Howard has adequately alleged standing to seek equitable relief. *Elgindy v. AGA Service Co.*, No. 20-CV-06304-JST, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021).

    Howard also has standing to assert claims based on products she did not purchase "so long as the products and alleged misrepresentations are substantially similar" to the products she did purchase. *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012); *see also Kellman v. Whole Foods Market, Inc.*, 313 F. Supp. 3d 1031, 1053 (N.D. Cal. 2018).

Applying that standard, Howard has standing to assert claims based on all the products and statements in her complaint, except for the "With Vitamin C" and "With Vitamin C & E" statements. Howard did not purchase any products with those statements, and they are unique in that they implicate the FDA's fortification policy. *See* 21 C.F.R. §§ 101.54(e); 104.20. Howard's claims based on these "with" statements are therefore dismissed.

    2.    **Unlawful Claims.** Howard brings a claim under the "unlawful" prong of the UCL, alleging that Gerber's labels violate the FDA's prohibition on nutrient content claims on food specifically intended for children under two. Gerber offers several arguments in response.

First, it argues that Howard's claims are impliedly preempted under *Buckman v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). For the reasons explained by Judge Orrick in *Brown v. Van's International Foods, Inc.*, the claims are not impliedly preempted. No. 22-CV-00001-WHO, 2022 WL 1471454, at *6–8 (N.D. Cal. May 10, 2022).

Gerber next argues that some of its statements are not unlawful under the FDA's regulations. First, Gerber argues that the following phrases are not nutrient content claims: "Grow Strong," "Wonderfoods awaken toddler's love for nutritious foods," and "Gerber Natural for Toddlers brings the goodness of naturally nutritious fruits selected and made with strict quality standards just for toddlers." Howard argues that these are implied nutrient content claims.

Under the FDA's regulations, a statement is an "implied nutrient content claim" if it "suggests that the food, because of its nutrient content, may be useful in maintaining healthy dietary practices," and it "is made in association with an explicit claim or statement about a nutrient."[1] 21 C.F.R. § 101.13(b)(2)(ii). The FDA offers the phrase "healthy, contains 3 grams (g) of fat" as an example. *Id.* In contrast, the statement "eat lots of fruits and vegetables for a healthy diet" is not an implied nutrient content claim; it does not, in the FDA's view, imply anything about the product bearing the statement. 59 Fed. Reg. 24232, 24235 (May 10, 1994);

---

[1] A statement is also an implied nutrient content claim if it "describes the food or an ingredient therein in a manner that suggests that a nutrient is absent or present in a certain amount (e.g., 'high in oat bran')." 21 C.F.R. § 101.13(b)(2)(i). That provision does not apply to these statements.

*see also Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1077 (N.D. Cal. 2017).

The statements above are clearly implied nutrient content claims. Gerber makes these statements alongside explicit claims about the nutrients in their products. *See, e.g.*, Dkt. No. 1 at 49 (depicting pouch that says "Grow Strong" alongside the statement "2 grams of Protein"). And the statements suggest that Gerber's products are useful in maintaining healthy dietary practices—they are not intended to provide "general dietary guidance," like the statement "eat lots of fruits and vegetables for a healthy diet." 59 Fed. Reg. at 24235. The claims based on the statements above can move forward.

Gerber next argues that the statements "made with real veggies," "made with real veggies & fruits," and "made with super foods whole grains" are not nutrient content claims. Under the FDA's regulations "[a] claim about the presence of an ingredient that is perceived to add value to the product, e.g., 'made with real butter,' 'made with whole fruit,' or 'contains honey'" is "generally" not a nutrient content claim. 21 C.F.R. § 101.65(b)(3). But where a label describes "an ingredient…in a manner that suggests that a nutrient is absent or present in a certain amount," that statement is an implied nutrient content claim. 21 C.F.R. § 101.13(b)(2)(i). This Court has previously held that "made with real yogurt" is not a nutrient content claim, in part because use of the term "real" suggests the statement is "intended to highlight an ingredient 'perceived to add value to the product.'" *Howard v. Hain Celestial Group, Inc.*, No. 22-CV-00527-VC, 2022 WL 11044721, at *2 (N.D. Cal. Oct. 19, 2022) ("*Hain Celestial I*"), *reconsidered on other grounds*, No. 22-CV-00527-VC, 2023 WL 1960678 (N.D. Cal. Feb. 13, 2023) ("*Hain Celestial II*"). The same is true here. Because these "made with" statements are not nutrient content claims, Howard's unlawful UCL claim is dismissed to the extent that it is premised on these statements.

Gerber next argues that its statements about the percentage of vitamins in its products are authorized by the FDA's regulations. The FDA allows manufacturers of food intended for children under two to make statements that "'describe[ ] the percentage of a vitamin or mineral in the food' in relation to the reference daily intake for that vitamin or mineral (unless the FDA

3

determines the specific statement is otherwise misleading)." *Hain Celestial II*, 2023 WL 1960678, at *2 (quoting 21 C.F.R. § 101.13(q)(3)(i)). To fall under this regulation, the statements "must be explicitly quantitative and involve a specific percentage, something like '28% of the reference daily intake for vitamin C.'" *Id.* at *3. But this regulation authorizes only that narrow category of statements: "More qualitative statements, like 'excellent source of vitamin C,' do not 'describe' the percentage of a vitamin or mineral within the meaning of the Act (or its regulations)," and so they are prohibited by 21 C.F.R. § 101.13(b)(3). *Id.* Gerber's statements do more than state the percentage of a vitamin—for instance, one product says, "Supports toddler's healthy growth with 15% DV of calcium and 2g protein." That goes far beyond what the FDA has authorized by regulation, and so the claims based on these statements can move forward.[2]

   3.  **Fraud-Based Claims.** Gerber next argues that Howard's fraud-based claims should be dismissed because the statements on Gerber's labels are unlikely to deceive a reasonable consumer. To proceed on the fraud-based claims, Howard must plausibly allege that the labels communicate a message that the products are healthy for children, and that the products are actually harmful. *Davidson v. Sprout Foods Inc.*, No. 22-CV-01050-RS, 2022 WL 13801090, at *3 (N.D. Cal. Oct. 21, 2022); *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019).

  Howard has not plausibly alleged that the non-pouch products are unhealthy—her allegations focus almost exclusively on the harms associated with pouch products. As such, her fraud-based claims are dismissed as to the non-pouch products.

  The pouch products present a more difficult question. While Howard has plausibly alleged that these products are bad for children, not all of the labels included in the complaint communicate a message that the products are healthy.

---

[2] Gerber argues that these statements are nonetheless authorized "structure/function claims." In support of this argument, Gerber cites to a regulation that applies only to dietary supplements. *See* 21 C.F.R. § 101.93(f). At the hearing on the motion to dismiss, Gerber could not articulate how this regulation might affect the analysis of these statements.

It's true that this Court previously suggested that any label that includes a prohibited nutrient content claim is per se misleading. *Hain Celestial I*, 2022 WL 11044721, at *3. In coming to that conclusion, the Court cited to an FDA statement suggesting that "because many consumers have 'limited knowledge' of their nutrition needs, nutrient content claims '[b]y [their] very presence' give consumers 'the false impression that the product [will] assist them in maintaining healthy dietary practices relative to the amount of the nutrient consumed.'" *Id.* (citing 56 Fed. Reg. 60421, 60426 (Nov. 21, 1991)). But that statement only supports the notion that a claim about a specific nutrient may be misleading *as to that nutrient*. It does not support the notion that a statement about one nutrient—say, protein—will necessarily mislead a consumer about other, unrelated aspects of the product. *Cf. Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 2563857, at *8 (N.D. Cal. June 28, 2012) (rejecting the plaintiff's argument that the statement "0g Trans Fat" "distracts consumers from the product's unhealthy fat and saturated fat content" because "the alleged distraction [ ] does not amount to a false statement or misrepresentation and, thus, is not an actionable claim"). Even relying on the FDA's guidance, it's a step too far to say that a plaintiff can bring a claim sounding in fraud any time a product includes a prohibited nutrient content claim.

The better approach is to look to whether the prohibited nutrient content claim actually "contribute[s] to the [overall] impression that the product is healthy." *Krommenhock v. Post Foods, LLC*, No. 16-CV-04958-WHO, 2018 WL 1335867, at *6 n.11 (N.D. Cal. Mar. 15, 2018) (quoting *Jones v. Nutiva, Inc.*, No. 16-cv-00711 HSG, 2017 WL 3617104, at *3 (N.D. Cal., Aug. 23, 2017)). To make that determination, the Court must consider the statement in the context of the label as a whole. *See id.* at 6 (holding that the statements "nutritious blueberries" and "wholesome Almonds" conveyed the impression that the products were healthy, based on the "context of additional statements" made on the product's labels).

Howard has plausibly alleged that the nutrient content claims on the Plant-Tastic pouches could mislead a reasonable consumer. The labels state that the products are "nutritious, plant-based, and specially designed to provide 2 grams of protein." That clearly implies that the

5

product is healthy as a general matter. Given that statement, the other reference to "2 grams of plant protein" is also plausibly misleading. Likewise, the statements on most of the Wonderfoods pouches (with one exception, discussed below) are plausibly misleading. The pouches state that they "awaken toddler's love for nutritious foods" and have "big nutrition." That renders the other nutrient content claims on the Wonderfoods pouches plausibly misleading as well. For the same reasons, Howard has plausibly alleged that the statements on the Grow Strong and Gerber Natural for Toddler pouches (with one exception, discussed below) are misleading, too.

But Howard has not plausibly alleged that the bare references to the nutrients on the following pouches could be misleading: the Organic for Toddlers Banana Raspberry & Yogurt pouch (Dkt. No. 1 at 33); the Organic for Baby Wonderfoods Carrot Apple Mango pouch (Dkt. No. 1 at 35); the VeggiePower pouches; the Natural for Toddler Sweet Potato, Mango, Pear & Kale pouch (Dkt. No. 1 at 42); and the Snacks for Toddler Fruit & Yogurt pouch (Dkt. No. 1 at 50). Howard's fraud-based claims for those products are therefore dismissed.

    **4.**    **Unjust Enrichment.** Given Howard's surviving claims, the motion to dismiss her unjust enrichment claim is denied as to those claims. *See Choi v. Kimberly-Clark Worldwide, Inc.*, No. SA CV 19-0468-DOC (ADSX), 2019 WL 4894120, at *12–13 (C.D. Cal. Aug. 28, 2019).

Dismissal is with leave to amend. Any amended complaint is due within 14 days of this order. But if discovery on the surviving claims reveals information relevant to the dismissed claims, Howard may also seek leave to amend at that point. If no amended complaint is filed, an answer is due 14 days following the deadline for filing an amended complaint. A case management conference is scheduled for May 5, 2023 at 10am. Discovery may begin immediately.

**IT IS SO ORDERED.**

Dated: March 29, 2023

VINCE CHHABRIA
United States District Judge