BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
KATHERINE GODAR (SBN 343096)
katherine.godar@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

BRIENNE M. LETOURNEAU (admitted *pro hac vice*)
brienne.letourneau@whitecase.com
WHITE & CASE LLP
111 S. Wacker Dr., Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (312) 881-5450

Attorneys for Defendant
GERBER PRODUCTS COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY HOWARD, ERI NOGUCHI, and SCOTT DIAS, on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Case No. 3:22-CV-04779-VC<br><br>**DEFENDANT GERBER PRODUCTS COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: December 12, 2024<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Vince Chhabria |

**<u>TABLE OF CONTENTS</u>**

**<u>Page(s)</u>**

I.    INTRODUCTION ................................................................................................. 1

II.    PLAINTIFFS' SECOND AMENDED COMPLAINT SHOULD BE DISMISSED ......... 2

    A.    Plaintiffs Fail to State a Fraud-Based Claim ............................................. 2

    B.    Plaintiffs' UCL and FAL Claims Should Be Dismissed Because They
        Have an Adequate Legal Remedy and Lack Standing to Seek Injunctive
        Relief ......................................................................................................... 4

    C.    Plaintiffs' UCL "Unlawful" Prong Claim Fails ......................................... 7

    D.    Plaintiffs Lack Standing for Claims Based on Statements They Did Not
        Rely On and Products They Did Not Purchase .......................................... 9

    E.    Plaintiffs' UCL "Unfair" Prong and Unjust Enrichment Claims Fail ................... 9

    F.    Plaintiffs' Objections to Gerber's Request for Judicial Notice Should Be
        Disregarded or, Alternatively, Overruled ................................................ 10

III.    CONCLUSION .................................................................................................... 10

GERBER'S REPLY IN SUPPORT OF MOTION TO DISMISS –
CASE NO. 3:22-cv-04779-VC

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. Dollar Tree Stores, Inc.*,
  475 F. App'x 159 (9th Cir. 2012) ....................................................................................4

*Amans v. Tesla, Inc.*,
  No. 21-cv-03577-VC, 2022 WL 2952474 (N.D. Cal. July 26, 2022)........................................6

*Andrade-Heymsfield v. Danone US, Inc.*,
  No. 19-CV-589-CAB-WVG, 2019 WL 3817948 (S.D. Cal. Aug. 14, 2019)............................9

*Ang v. Bimbo Bakeries USA, Inc.*,
  No. 13-CV-01196-WHO, 2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) .................................8

*Beasley v. Lucky Stores, Inc.*,
  400 F. Supp. 3d 942 (N.D. Cal. 2019) ..................................................................................9

*Brown v. Van's Int'l Foods, Inc.*,
  No. 22-cv-00001-WHO, 2022 WL 1471454 (N.D. Cal. May 10, 2022) ...................................2

*Cepelak v. HP Inc.*,
  No. 20-CV-02450-VC, 2021 WL 5298022 (N.D. Cal. Nov. 15, 2021).....................................6

*Clemmons v. Upfield US Inc.*,
  667 F. Supp. 3d 5 (S.D.N.Y. 2023)........................................................................................8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010).................................................................................................10

*Davidson v. Kimberly-Clark*,
  889 F.3d 956 (9th Cir. 2018).................................................................................................7

*Davidson v. Sprout Foods, Inc.*,
  106 F.4th 842 (9th Cir. 2024)......................................................................................1, 2, 3, 4

*Day v. Advanced Micro Devices, Inc.*,
  No. 22-cv-04305-VC, 2023 WL 2347421 (N.D. Cal. Mar. 2, 2023)........................................6

*Elgindy v. AGA Service Company*,
  No. 20-CV-06305, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021)...........................................5

*Hanna v. Walmart Inc.*,
  No. 5:20-cv-01075-MCS-SHK, 2020 WL 7345680 (C.D. Cal. Nov. 4, 2020) ........................6

*Hanscom v. Reynolds Consumer Prod. LLC*,
  No. 21-CV-03434-JSW (N.D. Cal. Jan. 21, 2022), ECF No. 42 .............................................5

*Howard v. Hain Celestial Grp., Inc. ("Hain I")*,
    No. 22-CV-00527-VC, 2024 WL 718180 (N.D. Cal. Feb. 22, 2024) ......................................6

*Howard v. Hain Celestial Grp., Inc.*,
    No. 22-CV-00527-VC, 2024 WL 4369648 (N.D. Cal. Oct. 1, 2024)...................................9

*MGIC Indem. Corp. v. Weisman*,
    803 F.2d 500 (9th Cir. 1986)..................................................................................................10

*Riegels v. Comm'r (In re Estate of Saunders)*,
    745 F.3d 953 (9th Cir. 2014)....................................................................................................9

*Sanchez v. Nurture, Inc.*,
    No. 5:21-CV-08566, 2023 WL 6391487 (N.D. Cal. Sept. 29, 2023) ......................................3

*Stanford v. Home Depot U.S.A., Inc.*,
    No. 07CV2193-LAB(WMC), 2008 WL 7348181 (S.D. Cal. May 27, 2008) ...........................7

*United States v. S. Cal. Edison Co.*,
    300 F. Supp. 2d 964 (E.D. Cal. 2004)....................................................................................10

*Washington v. Marion Cty. Prosecutor*,
    264 F. Supp. 3d 957 (S.D. Ind. 2017) .....................................................................................7

*In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*,
    No. MDL092074PSGFFMX, 2013 WL 12130034 (C.D. Cal. July 19, 2013) ..........................1

**FEDERAL RULES**

Fed. R. Civ. Proc. 9(b) ......................................................................................................................3

**FEDERAL REGULATIONS**

21 C.F.R. § 101.13(b)(2)...................................................................................................................8

21 C.F.R. § 101.93(f)........................................................................................................................8

**MISCELLANEOUS**

Local Rule 7-3(a) ............................................................................................................................10

WHO European Region ("WHO European Region NPPM"), https://www.who.int/europe//i/item/-
    -(listing publication date as November 21, 2022)......................................................................2

- iii -

I.    **INTRODUCTION**

Plaintiffs' opposition ("Opp.") confirms they cannot meet the Ninth Circuit's requirement that they support their claims alleging baby food labels misled consumers about the healthiness of the Products with concrete and specific allegations of actual harm.  *Davidson v. Sprout Foods, Inc.,* 106 F.4th 842, 845, 852 (9th Cir. 2024).[1]  Gerber showed in its opening brief ("Br.") that while Plaintiffs have increased the volume of generalized, speculative allegations in their SAC, they **still** do not specifically allege any of Gerber's products have caused any of the purported harms.  In response, Plaintiffs do little more than parrot the deficient allegations in their SAC.  What they do not—and cannot—do is identify a single allegation of harm tied to **any** specific Product that goes beyond the "hypotheticals and contingencies" the Ninth Circuit rejected in *Davidson*.

Gerber also showed in its opening brief that Plaintiffs' equitable claims under the UCL and FAL fail because they have an adequate remedy at law (which bars equitable relief), cannot seek injunctive relief, fail to allege unlawful conduct, and cannot pursue claims based on products they did not purchase and label claims they did not rely on.  Plaintiffs make little attempt to meet the substance of these arguments.  Instead, seeking to hold Gerber to a higher standard of review, they try to recast them as arguments for "reconsideration" of this Court's prior order, and urge the Court to reject them on that basis.  But Plaintiffs created a blank slate when they chose to amend their complaint.  "[T]he law is clear in this Circuit that an amended complaint supersedes the original." *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, No. MDL092074PSGFFMX, 2013 WL 12130034, at *2 (C.D. Cal. July 19, 2013) (cleaned up).  Thus, "defendants moving to dismiss an amended complaint" may "make arguments previously made" and "raise new arguments that were previously available" without being "held to the reconsideration standards." *Id.*

Plaintiffs nevertheless spend much of their brief complaining that Gerber "rehashes" arguments, even though Gerber's arguments respond directly to this Court's prior reasoning and cite subsequent authority.  Plaintiffs also disregard two of this Court's recent rulings in *Howard v. Hain Celestial*—a parallel case brought by Plaintiff Howard against a competitor baby food company—that directly support Gerber's standing arguments.

---

[1] Acronyms and defined terms have the same meaning as in Gerber's motion.

1    These issues cannot be remedied by amendment.  Dismissal with prejudice is warranted.

2  **II.    PLAINTIFFS' SECOND AMENDED COMPLAINT SHOULD BE DISMISSED**

3        **A.    Plaintiffs Fail to State a Fraud-Based Claim**

4        Gerber showed Plaintiffs' fraud-based claims fail because Plaintiffs do not plausibly allege

5   the Products cause harm, as *Davidson* requires.  Br. at 3-5.  Plaintiffs insist their "sugar theory"

6   claims pass muster under *Davidson* because they allege the WHO "recommends a front-of-pack

7   'indicator label'" for baby and toddler products with a sugar density of 30%, and "the SAC includes

8   calculations" showing each Product purportedly "has a sugar density about 30%."  Opp. at 5.

9        There are several problems with this argument.  *First*, Plaintiffs rely on WHO guidance

10  issued on November 21, 2022—*after* Plaintiffs allege they began purchasing the Products, and

11  several months **after** Plaintiff Howard filed her original complaint.  *See* SAC ¶¶ 53, 60, 91,[2] 75,

12  76.[3]  Plaintiffs thus do not (and cannot) plausibly allege Gerber marketed the Products with

13  knowledge of the WHO guidance—as they must to state a fraud claim on that basis.  *See, e.g.*,

14  *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL 1471454, at *12 (N.D. Cal.

15  May 10, 2022) ("critical piece" of fraud claim is that "defendant knew of the material fact and

16  either misrepresented or concealed that fact to induce reliance by the plaintiff").  *Second*, the WHO

17  guidance is directed to the "WHO European Region," based on "commercial food products for

18  infants and young children…sold across Europe."  WHO European Region NPPM, https://

19  www.who.int/europe/publications/i/item/WHO-EURO-2022-6681-46447-67287.  Plaintiffs allege

20  no basis from which to plausibly infer the same guidance applies to infant and toddler food products

21  sold in the United States, based on the American diet.

22        *Third*, like the allegations in *Davidson* that certain products "contain high amounts of free

23  sugars accompanied by a list of the grams of sugar in some of the products," Plaintiffs' sugar

24  

25  [2] The SAC includes two paragraphs numbered as 91, 75, and 76, and they are not listed sequentially.
    Gerber directs the Court to the paragraphs numbered as 91 on page 22, 75 on page 23, and 76 on
26  page 24 of the SAC.

27  [3] *See also* Nutrient and promotion profile model: supporting appropriate promotion of food
    products for infants and young children 6–36 months in the WHO European Region ("WHO
28  European Region NPPM"), https://www.who.int/europe/publications/i/item/WHO-EURO-2022-
    6681-46447-67287 (listing publication date as November 21, 2022).

GERBER'S REPLY IN SUPPORT OF MOTION TO DISMISS –
CASE NO. 3:22-cv-04779-VC

density calculations "lack[] context," as they do not explain "why the level of sugar **in these products, in particular**, could cause harm." *Davidson*, 106 F.4th at 853 (cleaned up) (emphasis added). Plaintiffs do not, for example, allege the purported risk of harm from the Products' "sugar density" negates or outweighs health benefits conferred by their other nutritional characteristics and ingredients—which, as one of Plaintiffs' "child nutrition experts" acknowledges, are "usually more nutritious than other packaged snacks." RJN Ex. 2 at 3 (cited in SAC ¶ 73). That is the type of "context" the Ninth Circuit found lacking in the *Davidson* complaint, and that remains lacking in the SAC. Plaintiffs cite *Krommenhock v. Post Foods, LLC* and *Hadley v. Kellogg Sales Company* to support their argument that such a contextual analysis is not appropriate on a motion to dismiss. Opp. at 8. Both cases predate *Davidson*, however, which clarified that contextual analysis at the pleading stage is not only appropriate but required. *See Davidson*, 106 F.4th at 853.

*Fourth*, Plaintiffs do not refute Gerber's showing that Plaintiffs do not allege a plausible inference of harm because the only risk of consuming the Products they allege is that such consumption will "encourage"—not "cause"—"a preference for sweeter foods," which theoretically could lead to poor health outcomes. Br. at 4. As Gerber explained, this is precisely the type of speculative allegation the Ninth Circuit rejected in *Davidson*, as it requires numerous inferential leaps and thus "relies on hypotheticals and contingencies outside the scope of the case." Br. at 3-4. Plaintiffs suggest their allegations suffice because they allege "several health risks associated with excess sugar consumption for children under two, including obesity, dental decay, and blood sugar issues." Opp. at 7. This is misleading. The only "health risk" Plaintiffs allege is directly caused by the Products' sugar content is "encourag[ing] a preference for sweeter foods." SAC ¶¶ 60, 63, 64. Their allegations that developing a "preference for sweeter foods" may in turn cause overconsumption of "sweeter foods"—which in turn may "contribute to" the enumerated health outcomes—which ultimately may or may not develop—depend on a series of unrealized contingencies with limitless confounding factors. This chain of "hypotheticals and contingencies" fails to "allege fraud with particularity as required by Rule 9(b)." *Davidson*, 106 F.4th at 853.[4]

---

[4] Plaintiffs' discussion of "added sugar," Opp. at 6, is a red herring. Only three of 52 Products have added sugar. Plaintiffs also ignore, and thus concede, Gerber's argument that Plaintiffs' failure to "allege that those effects would vitiate, negate, or even relate to the" benefits offered by the

- 3 -

Gerber also showed Plaintiffs' allegations of harm caused by sodium content and the texture and mechanics of pouch products fail the *Davidson* test because they are unspecific and speculative. Br. at 4-5.  Plaintiffs respond with a laundry list of generalized allegations in the SAC that "high sodium content" is harmful and pouch products are "not recommended." Opp. at 7-9.  Such "largely unspecific" allegations do not explain why the sodium levels and pouch format of "these products, in particular, could cause harm." *Davidson*, 106 F.4th at 853.  Plaintiffs insist they have added detail to the SAC, but that does not solve the problem that their added details ***still*** do not link their alleged harms to the Products in the concrete and specific way *Davidson* requires.  *See id*.

Plaintiffs ignore, and thus concede, Gerber's showing that they do not—and apparently cannot—allege any child has suffered health impacts from consuming the Products.  Br. at 5; *see, e.g.*, *Allen v. Dollar Tree Stores, Inc*., 475 F. App'x 159, 159 (9th Cir. 2012) (affirming dismissal of certain claims because plaintiff "failed to respond to [the defendant's] argument that those claims were time barred").  This failure to "actually allege[] that [Gerber's] products" have "cause[d] any of the[] harms" independently dooms Plaintiffs' fraud-based claims.  *See Davidson*, 106 F.4th at 853.  Plaintiffs also fail to respond to Gerber's argument that Plaintiffs' fraud claims independently fail the "reasonable consumer" test because Plaintiffs do not allege a plausible nexus between the disputed label claims—which have nothing to do with the Products' sugar and sodium content, texture, and packaging—and the harms purportedly caused by the Products.  They also concede, as they must, that allegations of bare procedural violations do not state a fraud claim.  *See* Br. at 7.[5]

**B.**     **Plaintiffs' UCL and FAL Claims Should Be Dismissed Because They Have an Adequate Legal Remedy and Lack Standing to Seek Injunctive Relief**

Gerber demonstrated Plaintiffs cannot seek equitable relief because acknowledging their legal claims may be more difficult to prove and may not succeed—which is all they do in the SAC—is not the same as alleging lack of an adequate legal remedy, which Plaintiffs do not do.  Br. at 7-8.  Plaintiffs deflect by responding to an argument Gerber did not make, *i.e.*, that "*Sonner* prevents parties from pleading claims for legal and equitable relief in the alternative."  Opp. at 10.

---

Products' other nutrition characteristics and ingredients dooms their claims.  Br. at 7 (citing *Sanchez v. Nurture, Inc.*, No. 5:21-CV-08566, 2023 WL 6391487, at *6 (N.D. Cal. Sept. 29, 2023)).

[5] Plaintiffs also concede in a footnote that they do not state a claim based on the theory that Gerber purportedly misstates the protein content of certain plant-based products.  Opp. at 9.

1   They ignore the argument Gerber *did* make: that Plaintiffs cannot hedge against the possible failure

2   of their legal claims by asserting alternative claims for equitable relief "rooted in the same

3   allegations." *See* Br. at 8. Plaintiffs' argument that their "legal claims are more difficult to prove"

4   and there is no legal remedy for their "unlawful" claims, Opp. at 10-11, does not, and cannot, refute

5   Gerber's showing that Plaintiffs base those claims on the same factual allegations and legal

6   theory—that is, consumers relied on "nutrient content claims" in purchasing the Products.

7       Plaintiffs' attempts to distinguish Gerber's authorities fail. They ignore *Hain I*, a parallel

8   case filed by Plaintiff Howard in which this Court recognized an analogous set of fraud-based and

9   "unlawful" and "unfair" prong claims were "substantively similar." Br. at 7-8 (quoting *Howard v.*

10  *Hain Celestial Grp., Inc. ("Hain I")*, No. 22-CV-00527-VC, 2024 WL 718180, at *1 (N.D. Cal.

11  Feb. 22, 2024)). Plaintiffs also ignore *Hanna v. Walmart Inc.,* where the court dismissed a UCL

12  claim because, as here, the plaintiff alleged only that she "lost money or property as a result of" her

13  purchase. Br. at 8-9. Plaintiffs attempt to distinguish *Hanscom v. Reynolds Consumer Products*

14  *LLC* on the ground that the plaintiff in that case "did not 'plead facts establishing that the legal

15  remedies under the CLRA and for her common law claims are 'inadequate or incomplete.'" Opp.

16  at 11. This argument is disingenuous. A review of the complaint in *Hanscom* shows the plaintiff—

17  represented by the same Plaintiffs' counsel—made the ***same allegations*** of purportedly inadequate

18  legal remedies in support of the UCL and FAL claims in that case. *Compare* Amended Complaint

19  at ¶¶ 69, 100, *Hanscom v. Reynolds Consumer Prod. LLC,* No. 21-CV-03434-JSW (N.D. Cal. Jan.

20  21, 2022), ECF No. 42, *with* SAC ¶¶ 134, 157. Regardless, Plaintiffs' allegations that their legal

21  claims could fail and legal remedies are unavailable for their equitable claims are legal conclusions,

22  not facts. Plaintiffs do not, and cannot, identify any ***factual allegations*** supporting the conclusion

23  that the remedies available for their legal claims would not adequately address the same alleged

24  conduct and harms underlying their equitable claims.

25      Plaintiffs' authorities do not help them. Plaintiffs point to this Court's earlier citation of

26  *Elgindy v. AGA Service Company*, Opp. at 10, a case in which another court allowed UCL claims

27  to proceed because the "Plaintiffs' claims under the unlawful and unfair prongs of the UCL [were]

28  rooted in a different theory than Plaintiffs' common-law fraud, FAL, and UCL fraudulent prong

- 5 -

1    claims."[6] No. 20-CV-06305, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021).  Plaintiffs again

2    ignore this Court's subsequent holding in *Hain I* that unlike the claims in *Elgindy*, analogous legal

3    and equitable claims were rooted in the same theory.  *Hain I*, 2024 WL 718180, at *1.  In *Amans*

4    *v. Tesla, Inc.*, this Court allowed a claim for specific performance to proceed because the plaintiff

5    "adequately explained that 'no comparable products . . . currently exist,' and so damages would not

6    remedy his injury."  No. 21-cv-03577-VC, 2022 WL 2952474, at *2 (N.D. Cal. July 26, 2022).

7    That is far different than Plaintiffs' vague, generic allegation of "lost money or property."

8         In *Cepelak v. HP Inc.*, this Court dismissed claims for equitable monetary relief because, as

9    here, they were "rooted in the same theory and factual allegations as their claims for damages."

10   No. 20-CV-02450-VC, 2021 WL 5298022, at *1 (N.D. Cal. Nov. 15, 2021).  This Court allowed

11   the *Cepelak* plaintiffs' claim for injunctive relief to proceed because they plausibly alleged a desire

12   to purchase the product in the future—which, as explained in Gerber's motion and below, Plaintiffs

13   do not and cannot do.  In *Day v. Advanced Micro Devices, Inc.*, this Court dismissed the plaintiff's

14   equitable claim because the plaintiffs "ha[d] not even attempted to allege the inadequacy of legal

15   remedies."  No. 22-cv-04305-VC, 2023 WL 2347421, at *1 (N.D. Cal. Mar. 2, 2023).

16        Plaintiffs similarly fail to overcome Gerber's showing that Plaintiffs cannot seek injunctive

17   relief because they do not plausibly allege an actionable certainly impending injury.  Br. at 8-9

18   (citing *Hanna v. Walmart Inc.*, No. 5:20-cv-01075-MCS-SHK, 2020 WL 7345680, at *7 (C.D. Cal.

19   Nov. 4, 2020)).  Plaintiffs again ignore *Hanna*, in which the court rejected allegations that the

20   plaintiff "may" purchase the product again as an "insufficient *possible* future injury."  *Id*. at *7

21   (emphasis in original).  Plaintiffs' allegation that they "would ***likely***" purchase the Products again

22   is more analogous to the equivocating language in *Hanna* than the conclusive "would purchase"

---

23   [6] The *Elgindy* plaintiffs' claims involved an "assistance services fee" charged in connection with
24   event and travel ticket insurance policies.  *Id*. at *4.  They based their UCL "unlawful" and "unfair"
     claims on the fee itself, which they claimed violated California's insurance laws.  *Id*.  But they
25   based their fraud claims on the defendants' alleged use of offer language that "suggesting the price
     advertised was solely for the insurance premium, when it also included a hidden fee for a non-
26   insurance service."  *Id*. at *11.  That is, the *Elgindy* plaintiffs based their "unlawful" and "unfair"
     claims on one fact—charging the fee—while they based their fraud claims on another—hiding the
27   fee from consumers.  *See id*.  In contrast, here, Plaintiffs base all their claims on the same facts and
     theory, *i.e.*, that consumers relied on purported "nutrient content claims" in purchasing baby and
28   toddler food products.  Plaintiffs do not, and cannot, allege fraud based on other facts (*e.g.*,
     allegations that information about sugar and sodium content was hidden from consumers).

GERBER'S REPLY IN SUPPORT OF MOTION TO DISMISS –
CASE NO. 3:22-cv-04779-VC

language in *Davidson v. Kimberly-Clark*. *See* 889 F.3d 956, 962 (9th Cir. 2018). Plaintiffs also do not, and cannot, cite any allegation in the SAC that they still buy Products for children under two. Instead, they dangle the red herring that courts sometimes allow "inherently transitory" claims for injunctive relief to proceed under the "relation back" doctrine.[7] Opp. at 12. But the "inherently transitory" doctrine does not independently confer standing. *See, e.g.*, *Stanford v. Home Depot U.S.A., Inc.*, No. 07CV2193-LAB(WMC), 2008 WL 7348181, at *7 (S.D. Cal. May 27, 2008). Thus, it does not apply where, as here, Plaintiffs do not adequately allege they had standing to seek injunctive relief when they filed their complaint. *See id*.

Gerber also explained that, given their allegations that the Products are inherently harmful to children under two, Plaintiffs cannot plausibly allege they desire to purchase the Products for children under two again. Br. at 9. Plaintiffs ignore and thus concede this argument, which independently defeats their claim for injunctive relief.[8]

## C.    Plaintiffs' UCL "Unlawful" Prong Claim Fails

Plaintiffs do not dispute the same "made with" claims this Court dismissed previously should be dismissed again. *See* Br. at 10-11; Opp. at 13-15. Gerber also demonstrated many of the other label statements identified in Plaintiffs' SAC are not "nutrient content claims" because they do not reference nutrients listed in the NFP and are not "made in association with an explicit claim or statement about a nutrient." Br. at 11. In response, Plaintiffs insist "claims like '1½ servings of fruit' or '2 servings of superfoods'…suggest[] that nutrients like fiber and vitamins are present in a certain amount." Opp. at 14. In support, Plaintiffs cite only their own pleading, as they do not, and cannot, cite any case or regulation that stands for such a broad and amorphous standard.

---

[7] Plaintiffs conflate the "inherently transitory" exception to mootness with the "capable of repetition yet evading review" exception, which requires a distinct showing the plaintiff "personally would again be subject to the complained-of conduct sometime in the future" absent injunctive relief. *See Washington v. Marion Cty. Prosecutor*, 264 F. Supp. 3d 957, 970-71 (S.D. Ind. 2017). Either way, Plaintiffs bear the burden of establishing they had standing at the time they filed their lawsuit—a burden they do not attempt to satisfy.

[8] Plaintiffs do not cite *Kimberly-Clark* for this point. Regardless, it would not help them. In *Kimberly-Clark*, the plaintiff plausibly alleged that although she desired to purchase flushable wipes in the future, she could not rely on the validity of the inaccurate "flushable" language on the product's packaging in making future purchasing decisions. *Kimberly-Clark*, 889 F.3d at 970-71. In contrast, Plaintiffs do not allege label claims on the Products are inaccurate or unreliable—rather, they allege the Products' other (fully disclosed) characteristics make them inherently harmful.

"Fruits" and "superfoods" categorically encompass countless fruits, vegetables, grains, legumes, and animal products, each of which contains different and varying amounts (some high and some low) of vitamins and fiber. Plaintiffs thus do not, and cannot, allege the words "fruits" and "superfoods"—or other categorical descriptions of food groups—suggest any specific nutrient is "absent or present in a certain amount," as the regulation requires. *See* 21 C.F.R. § 101.13(b)(2).

Plaintiffs cite *Ang v. Bimbo Bakeries USA, Inc.* to support their argument that the "'9g Whole Grains' claim suggests fiber is present in a certain amount in the same manner 'high in oat bran' does." Opp at 14. Plaintiffs overstate the holding in *Ang*. There, the court did not conclusively decide the term "whole grains" implies a certain amount of fiber. Rather, the court held the defendant failed to support its argument "at this juncture that whole grains 'ingredients' are not 'nutrients'" with authority, such as a regulation defining "whole grains" accordingly. No. 13-CV-01196-WHO, 2013 WL 5407039, at *6 (N.D. Cal. Sept. 25, 2013). That is not the case here. As Gerber explained in its motion, and as another federal district court held recently, the applicable regulations "address statements about the set of nutrients a consumer sees in the Nutrition Facts panel, not any statements about any ingredients whatsoever." Br. at 12 (citing *Clemmons v. Upfield US Inc.*, 667 F. Supp. 3d 5, 15 (S.D.N.Y. 2023)). Plaintiffs ignore *Clemmons*. Plaintiffs also ignore, and thus concede, Gerber's argument that the "made in connection with" standard requires the disputed claim to be expressly connected to a statement about a nutrient, not merely appear somewhere on the same label. Br. at 11-12 (citing *Andrade-Heymsfield v. Danone US, Inc.,* No. 19-CV-589-CAB-WVG, 2019 WL 3817948, at *1, 7 (S.D. Cal. Aug. 14, 2019)).

In its motion, Gerber showed claims referencing the percentage of a vitamin are permissible structure/function claims. In so arguing, Gerber responded to the Court's observation that 21 C.F.R. § 101.93(f) only references dietary supplements by citing *Andrade-Heymsfield*, in which another court recognized "[t]he FDA interprets structure/function claims, and health claims, consistently across dietary supplements and conventional foods." Br. at 13. Plaintiffs nevertheless complain Gerber is merely "rehashing" its prior argument, and, bizarrely, argue "nothing about *Andrade-Heymsfiled* [sic] supports" that "broad proposition," Opp. at 15—even though the language is a ***direct quote*** from *Andrade-Heymsfield*, which cites to and interprets FDA's final rule

- 8 -

1    on structure/function claims about dietary supplements.  *See* 2019 WL 3817948, at *6.

2        Plaintiffs also spill much ink on Gerber's preservation of its argument that Plaintiffs' claims

3    are preempted by the FDCA, characterizing it as "gamesmanship" and declaring that Gerber

4    "[s]hockingly" "ignores" the Ninth Circuit's holding in *Davidson* that analogous claims were not

5    impliedly preempted.  *See* Opp. at 2, 10.  Plaintiffs' rhetoric lacks good faith.  Gerber acknowledged

6    in its motion that "the Ninth Circuit recently held analogous claims were not preempted," and

7    clarified that, given the intra-circuit split identified in Judge Collins' dissent, it reasserts its

8    preemption argument for the purpose of preserving it.  Br. at 10 n.8.

9        **D.    Plaintiffs Lack Standing for Claims Based on Statements They Did Not Rely
              On and Products They Did Not Purchase**

10        In its motion, Gerber explained in detail why Plaintiffs lack standing to assert claims based

11    on label statements they did not rely on and dissimilar Products they did not purchase.  Br. at 13-

12    15.  Gerber's arguments specifically addressed the Court's reasons for denying Gerber's prior

13    motion and cited subsequent authority—such as this Court's recent holding in a parallel case that

14    "plaintiffs bringing unlawful-prong claims must" show reliance on the specific "aspects of the label

15    that make it unlawful."  Br. at 15 (citing *Howard v. Hain Celestial Grp., Inc.*, No. 22-CV-00527-

16    VC, 2024 WL 4369648, at *3 (N.D. Cal. Oct. 1, 2024)).  Plaintiffs' only response—a statement in

17    a footnote that "[n]othing has changed in the SAC that would defeat Plaintiffs' standing now," Opp.

18    at 15 n.5—is no response at all.  *See, e.g.*, *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 950

19    (N.D. Cal. 2019) (quoting *Riegels v. Comm'r (In re Estate of Saunders)*, 745 F.3d 953, 962 n.8 (9th

20    Cir. 2014)) ("[a]rguments raised only in footnotes … are generally deemed waived").

21        **E.    Plaintiffs' UCL "Unfair" Prong and Unjust Enrichment Claims Fail**

22        Gerber showed in its opening brief that Plaintiffs' UCL "unfair" prong and unjust

23    enrichment claims fail because they are entirely derivative of Plaintiffs' other claims.  Br. at 15.

24    Plaintiffs assert the conclusion that an "unfair" prong claim can stand alone.  Opp. at 15.  But

25    Plaintiffs do not, and cannot, cite any allegations in the SAC supporting their "unfair" claim that

26    are distinct from those supporting their fraud-based claims.  *See id*.  Plaintiffs also do not dispute

27    that if the Court dismisses their other claims, their unjust enrichment claim cannot proceed.  *See id*.

28

**F.    Plaintiffs' Objections to Gerber's Request for Judicial Notice Should Be Disregarded or, Alternatively, Overruled**

Plaintiffs' objections to Gerber's request for judicial notice of Exhibit 1 should be stricken because they violate Local Rule 7-3(a), which requires "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum."  Plaintiffs attempt to evade this Court's page limit by filing separate objections, despite Judge White's warning to their counsel for this same violation in another case.  *See* Order to Show Cause and Response, *Hanscom*, No. 4:21-cv-03434-JSW (N.D. Cal. July 9, 2021), ECF Nos. 29, 31.

Alternatively, Plaintiffs' objections to Gerber's request for judicial notice should be overruled because taking judicial notice of "matters of public record," such as publications on government-run websites, is entirely proper.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information made publicly available by government entities where neither party disputed the authenticity of the website source).  Plaintiffs' cases are inapposite, or support Gerber's position.  Nearly all the cases Plaintiffs cite do not involve publicly available, government-issued documents.  In the one case Plaintiffs cite that does, the court granted the request for judicial notice.  *See* Obj. to Gerber's RJN at 1 (citing *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974, 976 (E.D. Cal. 2004) (taking judicial notice of a document purporting to be excerpts from the U.S. Forest Service Handbook published on the internet)).  Plaintiffs' complaint that Gerber did not attach the full 164-page document to its RJN also is not well-taken.  Gerber has not selectively presented only the favorable portions of a non-public document.  Rather, Gerber provided the Court with the URL to the full publicly available document in its RJN, while attaching an excerpt of the portion relevant to its argument for the Court's ease of reference.  Moreover, Plaintiffs do not refute Gerber's showing that the Court can consider the document, which is cited throughout the SAC, under the incorporation by reference doctrine.  *See* RJN at 1-2.

## III.    <u>CONCLUSION</u>

For these reasons and those set forth in its opening brief, Gerber respectfully requests the Court grant its motion to dismiss the SAC with prejudice.

1

Dated:  November 21, 2024                           WHITE & CASE LLP

2
3                                                    By:   /s/ Bryan A. Merryman
                                                           Bryan A. Merryman
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 11 -

GERBER'S REPLY IN SUPPORT OF MOTION TO DISMISS –
CASE NO. 3:22-cv-04779-VC

1

## CERTIFICATE OF SERVICE

2      I hereby certify that a true and correct copy of the foregoing document was filed in the

3 Court's CM/ECF System this 21st day of November, 2024, and thereby served on all counsel of

4 record.

5                                                    */s/ Bryan A. Merryman*

6                                                    Bryan A. Merryman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

GERBER'S REPLY IN SUPPORT OF MOTION TO DISMISS –
CASE NO. 3:22-cv-04779-VC