UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>GERBER PRODUCTS COMPANY,<br><br>       Defendant. | Case No. 22-cv-04779-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 72 |

      The motion to dismiss is granted without leave to amend as to the fraud claims and as to certain "made with" statements. It is granted with leave to amend as to the plaintiffs' claims for injunctive relief. It is denied in all other respects. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

      *Judicial notice.* Judicial notice can be taken of the existence of the USDA dietary guidelines and the *New York Times* article. *See Daniels-Hall v. National Education Association*, 629 F.3d 992, 998–99 (9th Cir. 2010) (information on government websites); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (news articles).

      *Fraud claims.* The fraud claims (under the UCL's fraudulent prong, the FAL, and the CLRA) are dismissed because the plaintiffs' theories of harm rely on "hypotheticals and contingencies outside of the scope of this case." *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 853 (9th Cir. 2024). The plaintiffs do explain "at what level sugars become harmful" and "why the levels of sugar" and sodium "in these products, in particular, could cause harm." *Id.* But the complaint does not suggest that the products' salt and sugar levels are likely to cause harm if babies eat the products once or a few times. Rather, the complaint alleges that too much sugar

"will *encourage* a preference for sweeter foods that contribute to" other health issues, will "*contribute* to dental decay," and "*can* lead to picky eating" (emphases added). The complaint similarly alleges that too much salt creates an "increased *risk* of cardiovascular diseases and hypertension," that "taste preferences for salty food *may* be established early in life," and that adding salt to baby food "*may* damage the developing kidney[s]" and "*may* pre-dispose to high blood pressure" (emphases added). The complaint also alleges that "relying on pouches … too much *can* be a 'gateway to bad long-term snacking habits and routine overeating" and that professionals have "noted delays in motor development among kids *overly dependent on* pouches" (emphases added). These allegations do not show that the products are "*per se* harmful, rather than harmful only after a series of contingencies"—for example, if parents overly rely on the products and the health risks ultimately materialize for their children. *Davidson v. Sprout Foods Inc.*, 2022 WL 13801090 (N.D. Cal. Oct. 21, 2022), *rev'd on other grounds*, *Sprout Foods*, 106 F.4th at 853.

*"Made with" statements.* As discussed in the previous order, a statement that a product is "made with" a certain ingredient—e.g., "made with real veggies"—is not a nutrient content claim. 21 C.F.R. § 101.65(b)(3). So the unlawful-prong claim is dismissed to the extent it is premised on such statements. But federal regulations define implied nutrient content claims to include statements that suggest that "a nutrient or an ingredient is absent or present in a certain amount." 21 C.F.R. § 101.65(c)(1). So Gerber is wrong to argue that the same reasoning applies to statements that include an amount, like "1 serving of superfoods" or "9 grams of whole grains per serving." The motion is thus denied as to that type of statement.

*Standing to seek injunctive relief.* The plaintiffs have not established that they have standing to seek injunctive relief. The allegation that they "would likely" purchase the products again if they could trust the label is sufficiently definite. *Brown v. Van's International Foods, Inc.*, 2022 WL 1471454, at *11 (N.D. Cal. May 10, 2022). But it's not clear from the complaint whether, at the time the case was filed, the plaintiffs would have been likely to purchase the products again for a child under two. *See, e.g.*, *D'Lil v. Best Western Encina Lodge & Suites*, 538

2

F.3d 1031, 1036–37 (9th Cir. 2008).

*Other issues.* The Court declines to revisit its previous holdings regarding the other grounds for dismissal asserted by Gerber. Therefore, the motion is denied with regard to Gerber's arguments about preemption; implied nutrient content statements like "Grow Strong"; label statements about vitamin content; the plaintiffs' ability to bring claims regarding products they did not purchase (which can be adjudicated at the class certification stage, if necessary); and the plaintiffs' possible remedies at law. Because the plaintiffs' unlawful-prong claims survive, so do their unfair-prong and unjust enrichment claims.

* * *

Because the plaintiffs did not plead an adequate theory of harm after being given leave to amend in light of *Sprout Foods*, their fraud claims are dismissed with prejudice. Because the plaintiffs cannot state an unlawful-prong claim as to lawful "made with" statements, that dismissal is also with prejudice. The plaintiffs will have leave to amend for the sole purpose of alleging that they have standing to seek injunctive relief. Any amended complaint is due within 28 days, with Gerber's response due 21 days after that.

**IT IS SO ORDERED.**

Dated: December 31, 2024

_____
VINCE CHHABRIA
United States District Judge