**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, ERI NOGUCHI, and SCOTT DIAS, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Case No. 3:22-cv-04779-VC<br><br>**JOINT REQUEST FOR DISMISSAL**<br><br>Hon. Vince Chhabria |

Plaintiffs Tracy Howard, Eri Noguchi, and Scott Dias ("Plaintiffs") and Defendant Gerber Products Company ("Gerber" or "Defendant") (collectively, the "Parties") have agreed on a pre-certification settlement and dismissal of this proposed class action. In accordance with Paragraph 54 of this Court's Standing Order for Civil Cases ("Standing Order"), the Parties submit the following:

I.    BACKGROUND

On August 19, 2022, Plaintiff Howard filed a putative class action complaint against Gerber in the United States District Court for the Northern District of California, Case No. 4:22-cv-04779. ECF 1. Defendant moved to dismiss the complaint, which motion the Court granted, in part, and denied, in part. ECF 25. Defendant filed its answer on April 26, 2023. ECF 28. The parties stipulated to Plaintiffs filing a first amended complaint (ECF 40), which added Plaintiffs Eri Noguchi and Scott Dias.

The Parties engaged discovery in anticipation of Plaintiffs filing a motion for class certification. Before Plaintiffs filed their motion, the Ninth Circuit issued its order in *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024). Gerber filed a motion for leave to file a motion to reconsider the Court's order on its motion to dismiss. ECF 61. Pursuant to the parties' stipulation, Plaintiffs filed a second amended complaint in light of *Davidson v. Sprout*. ECF 71. Defendant moved to dismiss (ECF 72), which the Court granted in part and denied in part, with leave to amend regarding standing to seek injunctive relief. ECF 82. On January 28, 2025, Plaintiffs filed a third amended complaint. ECF 88. On February 11, 2025, Defendant moved to dismiss. ECF 90.

In the interim, the parties have engaged in settlement discussions and reached an agreement. They entered into a settlement agreement on March 19, 2025.

The settlement agreement fully resolves the litigation as to the named Plaintiffs, and they agreed to dismiss their claims with prejudice. Dismissal as to putative class members' claims is without prejudice. No class has been certified and there has been no notice to class members or (mainstream) media about this case. (Reynolds Decl., at ¶¶ 3-4.)

## II.     ARGUMENT

The Court's Standing Order provides that the Parties must explain "how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement. In particular, the Parties must consider whether the unnamed class members need to be notified of the dismissal." Standing Order, ¶ 54. Preliminarily, Rule 23(e) only requires a court to evaluate a settlement of a case where a class has been certified or is proposed to be certified for purposes of settlement. Here, there is not a certified class, and a class will not be certified for purposes of settlement, therefore Rule 23(e) does not apply. Even if this Court does evaluate the settlement under *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), dismissal does not prejudice any putative class members because: (1) no class was certified, (2) no notice was provided to any putative class members, and (3) the statute of limitations for any claims of putative class members has been tolled during the pendency of this action, so when dismissal is entered, the putative class members will be in the same position that they were the day before this action was filed.

### A. Rule 23(e) Does Not Limit Plaintiffs' Right to Voluntarily Dismiss Their Action

Paragraph 54 of this Court's Standing Order is based upon *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), which in turn relies upon Federal Rule of Civil Procedure 23(e). At the time *Diaz* was decided, Rule 23(e) required court approval for "dismissal or compromise of a class action." In *Diaz*, the Ninth Circuit interpreted the rule to apply to dismissals or compromises that were reached before a class was certified. *Diaz*, 876 F.2d at 1408. However, the Diaz rule was abrogated by the 2003 amendments to Rule 23(e), which now requires court approval only for dismissal of claims on behalf of a certified class: "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. 23(e) (emphasis added). As explicitly noted by the Advisory Committee:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at

times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. *See* Manual for Complex Litigation Third, § 30.41. <u>The new rule requires approval only if the claims, issues, or defenses *of a certified class* are resolved by a settlement</u>, voluntary dismissal, or compromise.

Fed. R. Civ. P., Rule 23 (Notes from 2003 Advisory Committee) (emphasis added).

For that reason, courts have consistently held that Rule 23(e) does not require a court to approve the dismissal of a putative class action until and unless the class is certified. *See*, *e.g.*, *Gesberg v. LinkUs Enterprises, Inc.*, No. 208CV02428MCECMK, 2009 U.S. Dist. LEXIS 147093, at *1-2 (E.D. Cal. Mar. 27, 2009) (noting that the current version of Rule 23(e) reflects amendments resolving the ambiguity over whether the previous rule's requirement of court approval for class action settlements extended "to require court approval of settlements with putative class representatives that resolved only individual claims") (citing Fed. R. Civ. P. 23, Advisory Committee's notes (2003 amendment)); *Mahan v. Trex Co., Inc.*, No. 5:09–CV–00670 JF PVT, 2010 WL 4916417, at *2 (N.D. Cal. Nov. 22, 2010) ("[S]ubsequent to the amendment of Rule 23 in 2003, ... [t]he new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); *Jou v. Kimberly-Clark Corp.*, No. 13-CV-03075-JSC, 2015 WL 4537533, at *5 (N.D. Cal. July 27, 2015) (recognizing notice is not required for pre-certification settlements under amended Rule 23(e)); *Ripley v. Bridgestone Retail Operations*, LLC, No. C09-1482 RSM, 2010 U.S. Dist. LEXIS 156214, at *2 (W.D. Wash. Sept. 2, 2010) (providing that "prior to certification, the named plaintiffs may dismiss class claims without approval" because "Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members"); *Lee v. CVS Pharmacy, Inc.*, No. 320CV01923BENDEB, 2021 U.S. Dist. LEXIS 17436, at *3 (S.D. Cal. Jan. 28, 2021) (denying a joint request to dismiss putative class claims as moot because "with no certified class claims having come into existence, any dismissal will not affect putative class members' claims").

It is also clear by the context of Rule 23(e) that it only applies in circumstances where a class has been certified, or a class is proposed to be certified for purposes of settlement. Rule 23

4

addresses notice requirements for the class (*see* FRCP 23(e)(1)); requires the court to evaluate whether the interests of the class have been adequately protected (*see id.*, 23(e)(2)); evaluate the opportunity for class members to opt out of the settlement (*see id.*, 23(e)(4)); and presents requirements for class member objections (*see id.*, 23(e)(5)). Therefore, evaluation of dismissal is not required in this case under Rule 23(e).

### B.  Under *Diaz*, Dismissal Is Appropriate

Should the Court consider *Diaz*, dismissal is still appropriate. *Diaz* sets forth three factors courts should evaluate to assess whether unnamed class members will sustain prejudice as a result of a settlement. In particular, "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408. Each of these factors confirms that absent class members will suffer no prejudice from the dismissal of this action, and, thus, notice to unnamed class members is unnecessary.

### 1.  Class Members Will Not be Prejudiced by the Court's Dismissal of this Lawsuit.

#### a.  Absent Class Members Have Not Relied on this Action.

When evaluating the first *Diaz* factor, courts primarily consider the amount of media attention the case has received since it indicates that putative class members may know about the case, and, therefore, may have relied on it. *See, e.g., Lyons v. Bank of Am., NA.,* No. C 11-1232 CW, 2012 U.S. Dist. LEXIS 168230, at *2 (N.D. Cal. Nov. 27, 2012) ("The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights"); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 U.S. Dist. LEXIS 145556, at *2 (N.D. Cal. Oct. 10, 2014) ("The danger of reliance is generally limited to actions that would be considered of sufficient public interest to warrant news coverage"); *see also Rodriguez v. Nationwide Mut. Ins.*

*Co.*, 2017 WL 7803796, at *3 (C.D. Cal. Nov. 16, 2017) ("The Parties state that they are 'unaware of any media attention' given to this case… Because it is unlikely that any putative class members have relied on this suit, this factor favors dismissal.").

Here, there is no evidence that unnamed class members relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. Other than a few legal websites—e.g., classaction.org—Plaintiffs are unaware of any mainstream media coverage regarding the lawsuit and, to date, Plaintiffs' counsel has not received any communication from any other class members about this case. (Reynolds Decl., ¶¶ 3-4.) There is consequently minimal risk that absent potential class members relied on this action. The first *Diaz* factor therefore weighs in favor of approving dismissal. *See Gonzalez v. Fallanghina, LLC*, No. 16-CV-01832-MEJ, 2017 WL 1374582, at *5 (N.D. Cal. Apr. 17, 2017) (finding it unlikely putative class members relied on the plaintiff's class claims given lack of significant media coverage of case); *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at *4 (N.D. Cal. Jan. 31, 2014) (same); *Lyons*, No. C 11-1232 CW, 2012 WL 5940846, at *1 (same); *Houston v. Cintas Corp.*, No. 05-3145, 2009 WL 921627 at *2 (N.D. Cal. April 3, 2009) (approving settlement and dismissal without notice and stating that "although there has been some publicity regarding this case and articles in which some of the Plaintiffs were mentioned by name, it has been minimal").

        **b.**        **Absent Class Members Are Not Hindered by a Rapidly Approaching Statute of Limitations.**

The second *Diaz* factor also indicates an absence of prejudice because there is no "rapidly approaching statute of limitations" that could bar such putative class members' individual claims. *See Tombline*, 2014 U.S. Dist. LEXIS 145556, at *2. Since "[b]oth federal and California law allow for the tolling of the statute of limitations on an individual claim during the pendency of a class action," there is no undue risk that potential class members' individual claims will be time-barred. *Natan v. Citimortgage, Inc.*, 2016 U.S. Dist. LEXIS 192693, at *1 (C.D. Cal. Sept. 21, 2016) (citing *American Pipe Constr. Co. v. Utah*, 414 U.S. 538 (1974) and *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103(1988)). Under this rule, if the case is dismissed before certification, as

requested here, and an absent class member then brings his or her own individual claim for the same wrong, then the statute of limitations will be deemed tolled during the pendency of the prior putative class action until the date of dismissal. *See American Pipe*, 414 U.S. at 561; *see also Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987). As a result, this tolling doctrine mitigates concerns about prejudice to absent putative class members. *See Tombline*, 2014 U.S. Dist. LEXIS 145556, at *3 (finding no prejudice where parties "state[d] that the filing of the class action complaint tolled the statute of limitations"); *see also Richards v. Safeway Inc.*, 2015 U.S. Dist. LEXIS 3274, at *1 (N.D. Cal. Jan. 12, 2015) (approving settlement of individual claims where "the parties . . . point[ed] out that the statute of limitations has been tolled by plaintiff's suit").

Here, the pendency of this class action tolled the applicable statute of limitations for members of the class. *Dunn*, 2016 U.S. Dist. LEXIS 4338, at *3 ("For that reason, there is substantially diminished risk of prejudice for those putative class claims"). Because only Plaintiffs' individual claims are being dismissed with prejudice, absent class members can make use of *American Pipe* tolling should one of them wish to assert his or her claim. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Thus, to the extent any member of the potential class has a viable claim, there is no reason to believe that such claim would be lost as a result of dismissal of this action.

Moreover, given the impossibility of calculating the actual remaining statute of limitations for each putative class member's claim, courts in this Circuit have measured this factor by assessing the time remaining on the statute of limitations of the original named Plaintiffs' claims after tolling. In *Singer v. Am. Airlines Fed. Credit Union*, No. 05-cv-04961, 2006 WL 3093759 (N.D. Cal. Oct. 30, 2006), the court determined that notice was not necessary due in part to the fact that absent class members had anywhere from a one-year to a four-year

tolled statute of limitation once the individual claims were dismissed. "Based on the tolling of the statute of limitations as to the class which occurred by virtue of the filing of plaintiff's complaint, there is ample time for absent class members to commence a new action should they determine that such a case had merit." *Id.* at *10. Here, Plaintiffs' claim under California's Business and Professions Code Section 17200, *et seq.* has a four-year statute of limitations. Plaintiffs filed their claims approximately three years ago. Thus, absent class members would not face any impending deadlines.

### c. Dismissal of the Class Claims Is Without Prejudice so that Neither Plaintiffs nor Plaintiffs' Counsel Have Conceded Any Class Interests.

Finally, dismissal of this action would not concede or otherwise adversely impact absent potential class members' individual claims, because dismissal would be without prejudice as to putative class members' claims. *See Rodriguez*, 2017 WL 7803796, at *4 (concluding that where "claims filed on behalf of putative class members will be dismissed without prejudice . . . there is no concession of, or prejudice to, rights of potential class members by dismissal"); *Lyons*, 2012 U.S. Dist. LEXIS 168230, at *2 (finding same). Courts recognize that where, as here, a named plaintiff chooses to settle and dismiss her individual claims with prejudice in order to avoid the risk and uncertainty of continued litigation, there is minimal risk of prejudice to absent putative class members, whose claims remain uncompromised. *See, e.g., Richards*, 2015 U.S. Dist. LEXIS 3274, 2015 WL 163393, at *1 (finding no concession of class interests where "[t]he class claims against the Defendants are being dropped because of the risk and uncertainty of litigation"); *Castro v. Zenith Acquisition Corp.*, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007).

### 2. It is Not Necessary to Notify Absent Class Members.

Given that putative class members will not sustain any prejudice as a result of the dismissal, notice to absent potential class members of the dismissal is unnecessary. Courts within the Ninth Circuit have frequently recognized that where, as here, the *Diaz* factors confirm the absence of prejudice, a named plaintiff's claims can be properly dismissed without notice to

putative class members. *See, e.g., Rodriguez*, 2017 WL 7803796, at *4 ("[C]ourts approving the voluntary dismissal of precertification class actions have not found notice necessary when the class members would not be prejudiced."); *Karcauskas v. Regreso Financial Services LLC*, 2018 U.S. Dist. LEXIS 238281, at *2 (C.D. Cal. March 1, 2018) ("Applying the *Diaz* factors to the facts here, it is plain that there is no prejudice to the potential class members and that notice to the class member is not required."); *Ramirez v. Cintas Corp.*, 2009 U.S. Dist. LEXIS 129507, at *2 (N.D. Cal. Apr. 3, 2009) ("[B]ased on the factors outlined in *Diaz*, it is appropriate to grant the motion and permit Plaintiffs to dismiss their class claims without notice.").

Here, because each of the *Diaz* factors demonstrates that potential class members will not be prejudiced by the Parties' settlement for the reasons set forth above, and because notifying unidentified class members would be unnecessarily burdensome and costly, the Court should approve dismissal of this action without requiring notice to the putative class.

### III.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court dismiss Plaintiffs' individual claims with prejudice, and dismiss the putative class claims without prejudice, without requiring notice to absent class members.

Dated: March 21, 2025

**GUTRIDE SAFIER LLP**

*/s/ Hayley A. Reynolds /s/*
Seth A. Safier (State Bar No. 197427)
 seth@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
 hayley@gutridesafier.com

*Attorneys for Plaintiffs*

**WHITE & CASE LLP**

*/s/ Bryan A. Merryman /s/*
Bryan A. Merryman

Attorney for Defendant
Gerber Products Company